**Joseph Raymond SWEENEY, III, Petitioner—Appellant,**

v.

**Steven J. CAMBRA, Jr., Acting Director of the Department of Corrections, Respondent—Appellee.**

No. 04–56629.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 14, 2006.*

Decided Sept. 1, 2006.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Alison Minet Adams, Esq., The Chase Law Group, Studio City, CA, for Petitioner–Appellant.

Herbert S. Tetef, AGCA—Office of the California Attorney General, Los Angeles, CA, for Respondent–Appellee.

Before: KOZINSKI, O'SCANNLAIN, and BYBEE, Circuit Judges.

## MEMORANDUM **

The facts and procedural posture of the case are known to the parties, and we do not repeat them here.

Joseph Sweeney appeals the district court's denial of his petition for habeas corpus pursuant to 28 U.S.C. § 2254. Sweeney contends that his confession was improperly admitted during his state-court trial because it was not voluntary and because the police failed to properly advise him of his *Miranda* rights. We review the district court's dismissal of the petition for writ of habeas corpus de novo. *Alcala v. Woodford*, 334 F.3d 862, 868 (9th Cir.2003).

■ The California court's decision to admit Sweeney's confession did not violate clearly established federal law as determined by the Supreme Court. *See* 28 U.S.C. § 2254(d)(1). Sweeney maintains that his spontaneous confession to his sister in the presence of police was not voluntary. However, such a confession is voluntary, and therefore admissible, so long as the family member is not acting as an agent of the police. *Arizona v. Mauro*, 481 U.S. 520, 528–30, 107 S.Ct. 1931, 95 L.Ed.2d 458 (1987). The state court properly credited police testimony that Sweeney's sister requested permission to see Sweeney and was not acting on behalf of

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

the police in doing so. Furthermore, the suspect's confession is admissible here because he reinitiated communication with the police through a spontaneous statement and then continued to respond to questioning by the police. *See United States v. Younger,* 398 F.3d 1179, 1186 (9th Cir.2005).

■ Sweeney also argues that the second *Miranda* warning was constitutionally inadequate because the officer stated that Sweeney would "get an attorney when [he] go[es] to court." However, the Supreme Court has held that where the suspect has been informed of his right to have counsel present during questioning, a statement by police that the suspect would have an attorney "if and when [he] go[es] to court" satisfies the requirements of *Miranda. Duckworth v. Eagan,* 492 U.S. 195, 200–01, 109 S.Ct. 2875, 106 L.Ed.2d 166 (1989). Thus, the state court did not violate clearly established federal law when it held that Sweeney was properly advised of his *Miranda* rights.

■ Even assuming that Sweeney's confession was improperly admitted, the state court's error was harmless. *See Arizona v. Fulminante,* 499 U.S. 279, 284–85, 111 S.Ct. 1246, 113 L.Ed.2d 302 (1991) (applying harmless error analysis to improperly admitted confessions). His defense was not contradicted by the admitted confession, and there was abundant persuasive evidence apart from the confession establishing that Sweeney had committed the crime.

The petition for habeas corpus is DENIED.